UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-418-GWU

DARREN D. HAMILTON, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Darren Hamilton brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

07-418 Darren D. Hamilton

> Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

07-418 Darren D. Hamilton

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-418 Darren D. Hamilton

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist.

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hamilton, a 32-year-old former construction laborer and general laborer with a high school education, suffered from impairments related to left shoulder degenerative disease and low back pain.  (Tr. 16, 20).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 18, 20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 20-22).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Dwight McMillion included an exertional limitation to light level work, restricted from a full range by

7

such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb ramps or stairs, stoop, crouch, and crawl; (3) an inability to more than occasionally operate hand controls with the non-dominant left upper extremity; (4) an inability to more than occasionally perform overhead reaching with the left upper extremity; and (5) a need to avoid concentrated exposure to vibration. (Tr. 386-387). In response, McMillion identified a significant number of jobs in the national economy which could still be performed. (Tr. 387). The ALJ later added a limitation involving a sit/stand option in one-hour intervals. (Id.). The witness indicated that even with this additional restriction, a significant number of jobs could still be done. (Id.). Therefore, assuming that the vocational factors considered by McMillion fairly characterized Hamilton's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

      The ALJ dealt properly with the evidence of record relating to Hamilton's physical condition. Dr. Mark Burns examined the plaintiff and noted that his physical examination was within normal limits. (Tr. 318). The orthopedic examination was largely within normal limits with the exception of decreased abduction and flexion of the left shoulder as well as decreased supination of the left elbow. (Id.). Despite these problems, Dr. Burns thought that the claimant could perform these activities with minimal difficulty. (Id.). The doctor specifically opined that Hamilton would be able to perform such activities as sitting, standing, moving

about, lifting, carrying, handling objects, hearing, speaking and traveling without restriction. (Id.). Dr. Parandhamulu Saranga reviewed the record and indicated that the claimant would be able to perform light level work, restricted from a full range by (1) a limited push/pull ability in the upper extremities; (2) an inability to more than occasionally climb ramps or stairs, stoop, crouch or crawl; (3) an inability to ever climb ladders, ropes or scaffolds; (4) a limited ability to reach overhead or handle with the left hand; and (5) a need to avoid concentrated exposure to vibration. (Tr. 337-344). The ALJ's findings were consistent with these opinions.

No treating or examining physician of record, including Dr. Kermit Gibson (Tr. 281-293), the staff at the Hometown Clinic (Tr. 294-297), the staff at the Spine and Brain Neurological Center (Tr. 298-306), and the staff at the Primary Care Center (Tr. 361-365), reported the existence of more severe mental limitations than those found by the ALJ. Dr. Jonathan Piercy of the Primary Care Center indicated that Hamilton was under his care for back pain, but did not identify specific restrictions. (Tr. 362). Thus, these reports also support the administrative decision.

The ALJ found that Hamilton's mental problems did not constitute a "severe" impairment. (Tr. 17). The plaintiff argues that this finding was erroneous. Psychologist Robert Fitz examined the plaintiff and diagnosed a pain disorder with psychological factors affecting his general medical condition. (Tr. 313). The plaintiff's ability to tolerate stress and work pressures was rated at "fair to poor" while his ability to sustain attention and concentration and relate to others was rated

07-418  Darren D. Hamilton

as "fair."  (Tr. 314).  The claimant asserts that this opinion supports the existence of a "severe" mental impairment.

The ALJ rejected Fitz's opinion because the examiner had relied primarily upon physical factors rather than mental ones.  (Tr. 17).  Hamilton asserts that this ground is insufficient.  However, the court notes that Fitz was a mental health professional and not a medical doctor.  To the extent that the plaintiff's problems relate to physical rather than mental factors, the finding was outside his expertise.

The court notes that Psychologists Larry Freudenberger (Tr. 322) and Laura Cutler (Tr. 346) each reviewed the record and opined that Hamilton's mental problems did not constitute a "severe" impairment.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Freudenberger noted several reasons why he believed that Fitz's opinion was not entitled to controlling weight, including the examiner Global Assessment (GAF) rating of 65,[1] the relation of the restrictions to physical rather than mental causes, a December, 2004 depression profile revealing few signs of depression and the plaintiff's lack of use of anti-depressant medication.  (Tr. 334).

---

[1] According to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34, a GAF of 65 indicates the existence of only "mild" psychological symptoms.

07-418  Darren D. Hamilton

Thus, the reports of the reviewers provide strong support for the administrative decision.

Hamilton asserts that the ALJ acted as his own medical advisor in rejecting the opinion of Fitz and that the ALJ erred in failing to consult a medical advisor. However, Fitz's opinion was seen and rejected by the medical reviewers whose opinions support the administrative decision.  The ALJ might not have cited these opinions directly, but they still provide support for the administrative decision and, so, any error would appear harmless.  Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 23rd day of September, 2008.

Signed By:

G. Wix Unthank

United States Senior Judge